■ DONALD J. BROKER, Appellant, v COUNTY OF BROOME et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term, entered February 6, 1980 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint. In 1966, plaintiff entered into an unrecorded land contract whereby he was to purchase real property located in the Village of Endicott, Broome County. The contract, to be completed in 1979, obligated plaintiff to pay all property taxes and assessments. After taxes on the property remained unpaid for the years 1973, 1974, 1975 and 1976, Broome County sought to foreclose its tax lien by an action in rem, pursuant to title 3 of article 11 of the Real Property Tax Law. Such action was commenced October 18, 1977 by the filing of the delinquent tax list with the Broome County Clerk, the Broome County Commissioner of Finance and the Broome County Attorney. The county was awarded possession of the property by judgment of the County Court of Broome County, entered October 10, 1978, and the defendants Miller purchased the property after bidding at a public auction. Plaintiff thereafter commenced this action seeking to declare the judgment in the foreclosure action void. Special Term granted defendants' motion for summary judgment and this appeal ensued. Plaintiff initially contends that Broome County failed to comply with the filing requirements of subdivision 3 of section 1122 of the Real Property Tax Law, which requires the filing of duplicate lists of delinquent taxes in the offices of the enforcing officer, the attorney for the tax district and the enforcing officer of any other tax district having a right to assess any of the parcels described on the list. Plaintiff argues that since the list was not filed in the office of the Treasurer of the Village of Endicott or the village attorney, there has been a failure of compliance with the filing requirements. Pursuant to subdivision 1 of sec-

tion 1122, the enforcing officer's duty to file the lists does not arise when the taxes are initially unpaid, but only after four years have elapsed since the first nonpayment. By resolution effective September 8, 1975, the Village of Endicott requested that Broome County collect delinquent village taxes, which the county agreed to do pursuant to Local Law No. 7 of 1975 of the County of Broome. Thus, in 1977, four years after the first nonpayment of taxes on the subject property, the enforcing officer was the Broome County Commissioner of Finance. Accordingly, the filing of the duplicate lists in his office and the county attorney's office complied with the filing requirements of subdivision 3 of section 1122. Moreover, since the village effectively relinquished its duty to collect delinquent taxes, the failure to file duplicate lists in the offices of the village treasurer and village attorney, even if violative of subdivision 3 of section 1122, should not render void the foreclosure action. Plaintiff next contends that the county failed to comply with the publication requirement of subdivision 1 of section 1124 of the Real Property Tax Law, which requires that notice of foreclosure be published at least once a week for six successive weeks in two newspapers published in the tax district. The county did so here except that the day of publication in the fourth week fell on a holiday, when the two papers published a joint edition that was automatically distributed to every subscriber of either paper. In our view, the county has complied with the publication requirement of subdivision 1 of section 1124. Plaintiff's remaining argument, that the county somehow misled him, has no factual support in the record, and, accordingly, cannot serve to defeat defendants' motion for summary judgment. The order granting summary judgment dismissing plaintiff's complaint should be affirmed. Order affirmed, with one bill of costs to respondents filing briefs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.